IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIE BELL, JR.,

    Plaintiff,

v.

DR. CHI NGUYEN, et al.,

    Defendants.

Case No.: C 13-1987 KAW (PR)

ORDER OF SERVICE AND PARTIAL DISMISSAL; DIRECTING DEFENDANTS TO FILE CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION

Plaintiff, a state prisoner incarcerated at Avenal State Prison, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison medical staff when he previously was incarcerated at the Correctional Training Facility at Soledad ("CTF"). Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. His motion for leave to proceed *in forma pauperis* has been granted.

## DISCUSSION

I.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.    Plaintiff's Claims

According to the allegations in the complaint and the documents attached thereto, Plaintiff was seen by Dr. Chi Nguyen, a dentist at CTF, on February 4, 2010. During the examination and cleaning

1 process, Dr. Nguyen drilled a hole in Plaintiff's upper left molar.  Plaintiff informed Dr. Nguyen that he
2 felt numbness and "great pain" in the tooth, but Dr. Ngueyn ignored his complaints and left a large hole
3 in the tooth.  Compl. at 3-4 & Ex. C.  For more than a year, Plaintiff's complaints about the tooth were
4 ignored.  *Id.*

5 On September 1, 2011, Plaintiff was seen by another CTF dentist, Dr. Wise.  When Plaintiff told
6 Dr. Wise about the pain he was suffering because of Dr. Nguyen's actions, Dr. Wise immediately
7 stopped the examination and told Plaintiff he would be rescheduled; he did not provide any care for
8 Plaintiff's continuing pain.  Compl. at 4.  Plaintiff then filed a medical grievance complaining that he
9 was in extreme pain and required immediate dental care.  Compl. Ex. E.

10 On September 30, 2011, Plaintiff was seen by CTF dentist Dr. Marlais, who informed him that
11 because the tooth had not been treated it had decayed and an abcess had formed in Plaintiff's gum.  Dr.
12 Marlais pulled the infected tooth and prescribed ibuprofen and amoxicyllin for Plaintiff.  Compl. at 5 &
13 Ex. F.

14 Plaintiff seeks monetary damages for alleged inadequate dental care.  He names Dr. Nguyen, Dr.
15 Wise and Dr. Marlais as Defendants.

16 Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment.
17 *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.
18 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.
19 1997) (en banc).  A prison official violates the Eighth Amendment only when two requirements are met:
20 (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively,
21 deliberately indifferent to the inmate's health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834
22 (1994).  A "serious" medical need exists if the failure to treat a prisoner's condition could result in
23 further significant injury or the "unnecessary and wanton infliction of pain."  *See McGuckin*, 974 F.2d at
24 1059.  Serious medical needs may include dental care needs.  *See Hunt v. Dental Dep't.*, 865 F.2d 198,
25 200 (9th Cir. 1989).  A prison official exhibits deliberate indifference when he knows of and disregards
26 a substantial risk of serious harm to inmate health or safety.  *See Farmer*, 511 U.S. at 837.

27 When construed liberally, Plaintiff's allegations state a cognizable Eighth Amendment claim for
28 deliberate indifference to his serious medical needs by Defendants Dr. Nguyen and Dr. Wise, who

1 allegedly failed to treat Plaintiff's dental problem and pain.  No claim is stated against Dr. Marlais,
2 however, because Plaintiff alleges that Dr. Marlais treated his dental problem and pain by pulling the
3 infected tooth and prescribing ibuprofen and amoxycillin, which does not amount to deliberate
4 indifference.   Accordingly, the claim against Dr. Marlais is DISMISSED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim for deliberate indifference to his serious medical needs against Dr. Nguyen and Dr. Wise.

2. Plaintiff's claim against Dr. Marlais is DISMISSED.

3. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to CTF Defendants Dr. Chi Nguyen and Dr. Wise.</u>  The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or

twenty days from the date the waiver form is filed, whichever is later.

5. Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or before the date their answer is due.

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than thirty days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and *Stratton v. Buck*, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss for failure to exhaust administrative remedies.

    b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. Defendants <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  9. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

  10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

  IT IS SO ORDERED.

Dated: 5/24/13

            _____
            KANDIS A. WESTMORE
            UNITED STATES MAGISTRATE JUDGE